## NATHAN A. STONE

### v.

## DORA APPEL.

1. PROMISE TO MARRY.—Where parties enter into mutual promises to marry and expressly agree that their marriage shall be celebrated under and in accordance with the rules and customs of a particular religion and church, such rules and customs become a part of the contract.

Stone v. Appel.

2. REFUSAL TO MARRY IN CONTRAVENTION · OF SUCH RULES, ETC., NOT A BREACH.—Where by inadvertence or accident such parties happen to fix upon a day for their marriage, which turns out to be one on which such ceremony is prohibited by such rules and customs, if either party on that account refuses or declines to be married at such prohibited time or in a manner other than that agreed upon, but is willing and offers to be married at any reasonable or proper time after such period of prohibition, such refusal can not be considered as inconsistent with such party's promise, or amount to a breach of it.

3. INSTRUCTIONS.—An instruction for plaintiff, which contained no hypothesis of the refusal of defendant being absolute or unqualified, and which assumed material facts as to which there was a conflict of evidence, was erroneous. An instruction for plaintiff which contained no hypothesis that plaintiff promised to marry defendant, or that plaintiff was ready or willing or offered to marry him, or that the refusal of defendant was absolute or unqualified, was also erroneous.

ERROR to the Superior Court of Cook county; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.    Opinion filed March 27, 1883.

Mr. CHARLES S. THORNTON, for plaintiff in error; that defendant should have been allowed to show that after the institution of the suit he was ready and willing to marry plaintiff, cited Kelly v. Renfro, 9 Ala. 325.

McALLISTER, J.   This action was brought in the court below by Dora Appel against Nathan A. Stone, to recover damages for an alleged breach of promise of marriage.   There was a trial, before the court and a jury, resulting in a verdict and judgment against defendant, for two thousand dollars damages, and he brings error to this court.

The plaintiff gave evidence tending to prove mutual promises of marriage between the parties, made some time in April, 1881.   It appeared that both of the parties were of the Hebrew faith, and it was expressly agreed that their marriage, when celebrated, should be in accordance with the rules and customs of their church.   The theory of the plaintiff's case was, that there was a definite time agreed upon, at the time of their engagement, for the marriage, and

that it was the 25th of the next ensuing September, and that defendant refused to marry her on that day; hence the commencement of this suit, on the 27th of the same month for damages.    The defendant on the other hand, contended that no definite day was agreed upon, but that it was expressly left to him to fix the time.    He admitted in his testimony, that he was unwilling to marry the plaintiff on said 25th of September, but that he had made no absolute refusal to marry her; but gave evidence to show, that said 25th of September was a day, belonging to a holy season, by the rules and customs of their church, during which, marriage was forbidden by such rules and customs, and could not be performed.    The stress of the controversy, on the trial was, as to whether the defendant had committed a breach of his promise, before suit brought. A cousin of plaintiff testified, that just before said 25th of September, he called on defendant, while the latter was temporarily in Chicago, from another State where he resided, and requested him to call, at a specified time and see plaintiff; that defendant replied he had about concluded to drop the whole matter.

The defendant testified that he made no such reply and offered to prove his willingness to marry said plaintiff after said 25th of September; but on objection of plaintiff's counsel, the evidence was ruled out.    At the instance of plaintiff's counsel, the court gave to the jury this instruction: " The jury are instructed that this case must be governed by the laws of the State of Illinois, and that, as a matter of law, marriage between parties competent to enter into that relation, may be legally celebrated any day in the year."

This instruction was designed to obviate the point, that by the rules and customs of their church, the marriage of these parties could not be celebrated on the said 25th of September, and under the circumstances of the case, it was improper and misleading.    The contract was oral.    It was for the jury and not the court to find when it was made, what were its terms, and where to be performed.    Unless it was made and to be performed in this State, it was not necessarily governed by its laws as to performance.    Chitty on Contracts (10 Am. Ed.)

Stone v. Appel.

96, 97.   Besides it omits the fact that the contract in question was made with express reference to the rules and customs of a particular church, as respected performance.   It was therefore calculated to mislead the jury, as regards the question of a breach.   The evidence is uncontradicted that the parties agreed that their marriage should be in conformity with the rules and customs of the Jewish Church, of which they were both members.   It follows that such reference to the rules and customs of that church, expressly made by the parties in their contract, operated to constitute those rules and customs a part of the contract itself.   When parties enter into mutual promises to marry and expressly agree that their marriage shall be celebrated under and in accordance with the rules and customs of a particular religion or church, but by inadvertence or accident, they happen to fix upon a day for that purpose, which turns out to be one on which such ceremony by the rules and customs of the religion or church referred to is prohibited and can not be performed, then, if either party should on that account, decline or refuse to be married at such prohibited time, or in a manner other than that agreed upon, but be willing and offer to be married at any reasonable or proper time, after such period of prohibition is passed, such party so declining or refusing, could not, in our opinion, be held liable in damages by reason of the premises, as for a breach of promise of marriage.   Although the law of this State does not make any religious ceremony indispensable to a valid marriage, yet such is the liberality of its spirit, that it recognizes the right of every person to follow the dictates of his or her own conscience or the teachings of the church to which he or she may belong, or even a mere whim in that regard, and to provide in the marriage contract that it shall be consummated in accordance with rites of some particular church designated by the parties and its rules and customs.   When that is done, the reference by the contract to such rules and customs makes such rules and customs a part of the contract, and a refusal by one of the parties to be married in contravention of them can not be considered as inconsistent with such party's promise, or amount to a

breach of it.  Of course, an absolute and unqualified refusal
without a justifiable reason, would be a breach or evidence
of one.  Kelly v. Renfro, 9 Ala. 325; Greenup v. Stokes, 3
Gilm. 202.

The court also gave for the plaintiff this instruction : " If
the jury believe from the evidence, that the defendant prom-
ised to marry the plaintiff, and afterward refused to con-
summate the agreement, then no request on her part was
necessary, and such refusal on his part may be shown by facts
and circumstances, such as a discontinuance of his correspond-
ence, and his neglect or refusal to call and see her, while in
the city, unless otherwise explained to your satisfaction."

That instruction was manifestly erroneous on two grounds:
(1) It contains no hypothesis of the refusal having been abso-
lute, and unqualified.  (2) It improperly assumes material
facts, as to which, there was a conflict of evidence.

The court also gave the following for plaintiff : " The jury
are further instructed, that if they believe from the evidence,
that the defendant promised to marry the plaintiff, and after-
ward refused so to do, although he may now be willing to
carry out his promise and marry the plaintiff, this will not
prevent a recovery in this action, if the plaintiff is otherwise
entitled to recover, since his refusal is a breach of promise, it
totally discharges her from any further obligation to accept
him as a husband."

That instruction is clearly erroneous, because it contains no
hypothesis that the plaintiff promised to marry the defend-
ant; or that she was ready and willing or offered to marry
him; or that the refusal was absolute and unqualified.  As
the law is there declared, the refusal by defendant, to marry
plaintiff because of the prohibition of the church, though he
was willing to after such prohibited time had elapsed, would
be such a total breach on his part as to discharge her from all
obligations to marry him at any time after such refusal.
Such is not the law.  The instruction would have a tendency
to mislead the jury into the idea that any sort of a refusal,
regardless of its character and the circumstances under which
it was made, whether consistent with the contract or not,

would operate as a total breach on the part of the defendant; and was, for that reason, bad. For the reason stated, the judgment of the court below will be reversed, and the cause remanded.

